IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) MINNESOTA REGIS CORP., ) ) Defendant. ) ) | CIVIL ACTION NO. 1:07-cv-00079 COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Becky Spain who was adversely affected by such practices. The Commission alleges that Defendant, Minnesota Regis Corp., discharged Becky Spain and discriminated against her on the basis of her religion, Baptist, in violation of Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Minnesota Regis Corporation ("Defendant"), has continuously been a Minnesota corporation doing business in the state of North Carolina and city of Forest City, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Becky Spain filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or around October and November 2005, Defendant engaged in unlawful employment practices at its facility known as SmartStyle Salon #2723, in Forest City, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant failed to accommodate the religious practices of Becky Spain, a Baptist, by refusing to modify her schedule to allow her to attend her religious services. Defendant subsequently discharged Ms. Spain because of her religion.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Becky Spain of equal employment opportunities and otherwise adversely affect her status as an

employee because of her religion.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Becky Spain.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

B. Order Defendant to institute and carry out policies, practices, and programs which: (i) provide equal employment opportunities for employees of diverse religious faiths; (ii) prohibit discrimination on the basis of religion; and (iii) provide religious accommodation when required, in order to eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Becky Spain by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof, for Becky Spain.

D. Order Defendant to make whole Becky Spain by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

E. Order Defendant to make whole Becky Spain by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in

paragraph 7, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

      F.      Order Defendant to pay Becky Spain punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

 s/   Lynette A. Barnes
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

 s/  Darrell E. Graham
DARRELL E. GRAHAM (MN. Bar No. 290890)
Trial Attorney
email: darrell.graham@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Phone: (704) 344-6885
Fax:    (704) 344-6780