**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MINNESOTA REGIS CORP.<br>d/b/a SMARTSTYLE, )<br>)<br>Defendant. )<br>) | Civil Action No.: 1:07-CV-00079<br><br>CONSENT DECREE |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged Defendant Minnesota Regis Corp. d/b/a SmartStyle ("Defendant") discriminated against Becky Spain by denying her request for a religious accommodation, resulting in her discharge.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Becky Spain the sum of Twenty Five Thousand Dollars ($25,000) in settlement of claims raised in this action. Of this sum, Four Thousand Dollars ($4,000) will be considered back pay reported on a Form W-2 with statutory deductions. The remaining Twenty-One Thousand Dollars ($21,000) will be considered damages as reported on a Form 1099. Defendant shall make payment by issuing a check payable to Becky Spain. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Becky Spain at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Ms. Spain.

4. Payment of the amounts above is conditional upon Defendant's counsel receipt of a fully executed Release of All Claims acceptable to Defendant from Rebecca Spain. Defendant

has agreed to pay a reasonable amount not to exceed Three Hundred Dollars ($300) to Ms. Spain to retain private counsel regarding Release.

5. Within thirty (30) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Becky Spain any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of the EEOC Charge 430-2006-01182 and the related events that occurred thereafter. Within thirty (30) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

6. Defendant agrees to provide Becky Spain a neutral letter of reference, a copy of which is attached hereto, marked as Appendix A. In addition, any inquiries to Defendant regarding the employment of Ms. Spain shall be directed to the attention of Katherine Merrill, who shall in, lieu of oral response, provide a copy of the letter of reference. Within fifteen (15) days of responding to any inquiry regarding employment of Ms. Spain, Defendant shall report compliance to the Commission, including the name and address of the person or entity to whom the letter was provided.

7. Defendant shall revise its Non-Discrimination and Workplace Policy to include a specific statement regarding Title VII's prohibitions against religious discrimination in hiring, promotion, discharge, compensation, and other terms and conditions of employment. This policy will be revised within thirty (30) days of the entry of this Decree by the Court. The revised policy must appear in all handbooks, policy manuals, and orientation materials which describe equal employment opportunity or similar policies within one year of entry of this Decree by the Court. These materials will be distributed to employees in the ordinary course of

business. A copy of the revised policy will be sent to the Commission within forty-five (45) days of entry of the Decree.

8. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 7, *supra*, in facilities identified in Appendix C in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant shall post the policy and notify the EEOC that it has been posted.

9. During the term of this Decree, Defendant shall provide annual training to its Regional Manager, Area Supervisor, and all SmartStyle store managers at the locations identified in Appendix C. Defendant shall continue its current practice of requiring employees to view EEO training via DVD at least once a year. Each training program shall include an explanation of the requirements of Title VII and its prohibition against discrimination in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred twenty days (120) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least thirty (30) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within thirty (30) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix B, hereby made a part of this Decree, in a place where it is visible to employees at all SmartStyle Salons identified in Appendix C. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

> A. Identities of all individuals in the SmartStyle Salons identified in Appendix C who requested a religious accommodation verbally or in writing at any time during the reporting period, including by way of identification each individual's full name, last known address, last known telephone number, and job title;
>
> B. For each individual identified in 11.A above, provide a detailed description of the individual's request;
>
> C. For each individual identified in 11.A above, provide a detailed description of what action, if any, Defendant took in response to the request, and a description of all proposed accommodation; and
>
> D. For each individual identified in 11.A above, if the request for a religious accommodation was denied, provide all reasons why the request was denied.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the EEOC a "negative" report indicating no activity.

12. The Commission may review compliance with this Decree. As part of a review for compliance with the Employee Notice posting provision in paragraph 10 or the policy posting provision in paragraph 7, the Commission may inspect Defendant's facilities and interview employees regarding posting without prior notice to the Defendant. The Commission may review compliance with remaining provisions of the Decree by interviewing employees and examining and/or copying documents at any of the salons listed in Appendix C after giving 72-hours notice to Defendant through Katherine M. Merrill, Regis Corporation, to her email address, Katherine.Merrill@regiscorp.com. If the Commission identifies documents to be examined or copied which are not located at the facility, Defendant will have 14 days to provide the documents to the Commission. Requests for records must be reasonable in scope.

13. If, at any time during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give written notice of the alleged violation to Defendant through Katherine M. Merrill, Regis Corporation, to her email address, Katherine.Merrill@regiscorp.com, with a copy to the email address of her attorney, Scott W. Kezman, Esq., swkezman@kaufman.com. Such notice shall state the provisions of this Order alleged to have been violated. Defendant shall have thirty (30) days in which to investigate, respond and remedy the allegations. Thereafter, the parties shall have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. The term of this Decree shall be for two (2) years from its entry by the Court.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: October 29, 2007

Martin Reidinger
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, **Plaintiff**

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

s/ Tina Burnside
TINA BURNSIDE
Supervisory Trial Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

s/ Darrell E. Graham
DARRELL E. GRAHAM
Trial Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

**MINNESOTA REGIS CORP. d/b/a SMART STYLE, Defendant**

s/ Scott W. Kezman
Scott W. Kezman, Esq.
Ann Richardson Smith, Esq.
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510

8

[Defendant Minnesota Regis Corp. d/b/a SmartStyle]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Becky Spain.

Ms. Spain was employed by Minnesota Regis Corp. d/b/a SmartStyle as a stylist between October 1, 2004 and November 28, 2005. Her ending salary was $300.00 per week.

We hope that this information about Ms. Spain is helpful to you in considering her for employment.

Sincerely,

_____
John Briggs, COO, SmartStyle Division

**APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
    Plaintiff,

v.

MINNESOTA REGIS CORP. d/b/a
SMARTSTYLE,    Defendant.
_____

))))))))
)

CIVIL ACTION NO. 1:07-CV-00079

**EMPLOYEE NOTICE**

1.    This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Minnesota Regis Corp. d/b/a SmartStyle ("SmartStyle") in a case of discrimination based on religion. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC. SmartStyle will comply with such federal laws in all respects. Furthermore, SmartStyle will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

11          11

Equal Employment Opportunity Commission 1801 L Street, N.W. Washington, DC 20507 TEL: 1-800-669-4000 TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2009.

## APPENDIX B

| Salon | Address | City | State | Zip |
|---|---|---|---|---|
| 2723 | 197 PLAZA DR | FOREST CITY | NC | 28043 |
| 2752 | 2241 ROCKFORD ST | MOUNT AIRY | NC | 27030 |
| 2754 | 2330 HIGHWAY 19 STE 8 | MURPHY | NC | 28906 |
| 2763 | 2514 HALLTOWN RD | SPRUCE PINE | NC | 28777 |
| 2768 | 705 E DIXON BLVD | SHELBY | NC | 28150 |
| 2787 | 250 HIGHLANDS SQUARE DR | HENDERSONVILLE | NC | 28792 |
| 2792 | 1489 MOUNT JEFFERSON RD | WEST JEFFERSON | NC | 28694 |
| 6637 | 1230 E MAIN ST | SYLVA | NC | 28779 |
| 27034 | 125 BLEACHRY BLVD | ASHEVILLE | NC | 28805 |

**APPENDIX C**

13
1                                                             13